FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO   06 MAY -3 PM 3:03

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Plaintiff, ] | Civil Case No. 1:06 CV 261 |
| ] | |
| v. ] | |
| ] | L. BECKWITH |
| RICHARD W. STANDRING, ] | |
| MARY ANN STANDRING, ] | J. BLACK |
| STATE OF OHIO, ] | |
| LEONARD LUTZ, and ] | |
| BANK ONE, ] | |
| ] | |
| Defendants. ] | |

## COMPLAINT

The United States of America, by its attorney, Gregory G. Lockhart, United States

Attorney for the Southern District of Ohio, brings this civil action to (1) reduce to judgments

the individual income tax liabilities of Richard W. Standring and (2) foreclose upon the

United States' tax liens and to sell certain real property of Mr. Standring and alleges that:

1. This action is authorized and requested by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction

of the Attorney General of the United States, pursuant to Sections 7401 and 7403 of the

Internal Revenue Code of 1986 (26 U.S.C. §§7401 & 7403).

2. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 1340 and 1345

and 26 U.S.C. §§ 7402 and 7403.

3. Venue for this action in this Court is proper under 28 U.S.C. § 1396.

1663490.1

4. Defendant Richard Standring resides within the jurisdiction of this Court.

5. Defendant Mary Ann Standring resides within the jurisdiction of this Court and has been named as a party to this case because she has an one-half interest in property against which the United States seeks to foreclose its tax liens.

6. In approximately 1979, Richard and his wife Mary Ann Standring purchased a 9 acre parcel located at the 5610 Marathon-Edenton Road, Williamsburg, Ohio (the "Marathon Property). Subsequently, the Standrings sold 3 of the 9 acres to third parties.

7. The United States seeks to foreclose its tax liens upon the remaining six (6) acres of the Marathon Property.[1]

8. Defendant State of Ohio, Department of Taxation, 30 East Broad Street, Columbus, Ohio 43215, has been named a party because it may claim an interest in the Marathon Property against which the United States seeks to foreclose its tax liens.

---

[1] The legal description of the Marathon Property is as follows:

Being situated in Johnson's Military survey No. 1209, in the Township of Jackson, the County of Clermont, in the State of Ohio and bounded and described as follows:

Being at the reference point at a railroad spike set at the intersection of the centerlines of Marathon-Edenton Road No. C-82 and Fomorin Road No. C-47; thence in a northeasterly direction with said Marathon-Edenton Road a distance of 1.155.57 feet to a 1/4" spike set in the centerline of said Marathon-Edenton Road and a corner to a 108.00 acres of Thomas J. and Maxie L. Wolfer as recorded in volume 482, page 281 and at the southwest corner of the original 9.81 acres and being the real point of beginning; thence with said centerline, north 37 degrees 15'33" east a distance of 424.43 feet to a 1/4" spike set in the centerline of said Marathon-Edenton Road; thence with a division line through the original 9.81 acres, south 78 degrees 01'20" east, passing a 5/8" iron pin set at 22.12 feet, a distance of 657.16 feet to a 5/8" iron pin set in the line of the aforementioned Thomas J. and Maxie L. Wolfer; thence with two lines of said Wolfers, south 9 degrees 45'50" west a distance of 343.02 feet to a 5/8" iron pin set; thence north 00 degrees 40' 44" west, passing a 5/8" iron pin set at 829.99 feet, a distance of 852.05 feet to the beginning, containing 0.252 acres more or less, being a part of the original 9.81 acres of the premises transferred to Richard W. Standring and Mary Ann Standring as recorded in volume 626, page 74 and identified as parcel no. 14-23-03J-004. Bearings are magnet and based upon the north 37 degrees 15'33" east line, along the centerline of Marathon-Edenton Road.

1663490.1

9.   Bank One located at I-275 and Highway 28, Milford, Ohio 45150, has been named a party because it may claim an interest in the Marathon Property against which the United States seeks to foreclose its tax liens.

10.  Leonard Lutz is currently imprisoned at the Ross Correctional Institution within the jurisdiction of this Court and has been named a party because he may claim an interest in the Marathon Property against which the United States seeks to foreclose its tax liens.

## COUNT I
## (Judgment for Income Tax Liabilities against Richard Standring)

11.  The United States realleges and incorporates herein the allegations in paragraphs 1 through 10 of this complaint.

12.   Richard Standring did not file his income tax returns for the 1992 and 1993 tax years.   As a result, substitutes for tax returns were prepared and filed by the Internal Revenue Service and a delegate of the Secretary of the Treasury made assessments against Richard W. Standring for his income tax liabilities as follows:

| Tax Year | Dates of Assessments | Unpaid Assessed Balances | Penalties & Interest (computed through January 15, 2005) | Totals |
|---|---|---|---|---|
| 1992 | 5/06/96 | $11,419.48 | $11,675.73 | $23,095.21 |
| 1993 | 5/06/96 | $18,480.58 | $19,106.34 | $37,586.92 |
| Totals as of January 15, 2005 | | $29,900.06 | $30,782.07 | $60,682.13 |

13.  On or about the dates of the assessments described in paragraph 8, a delegate of the Secretary of the Treasury of the United States of America gave notices of the assessments to and made demand for payment of the tax assessments upon Richard Standring for his

3

income tax liabilities.

14. Defendant Richard Standring has failed, neglected, or refused to pay the amount of the assessments in full for 1992 and 1993, and after the application of all abatements, payments and credits, he remains indebted to the United States of America for unpaid internal revenue taxes, penalties, and interest in the amount of $60,682, as of January 15, 2005, plus statutory accruals from the foregoing date.

## COUNT II
### (Establishment of the Liens of the United States)

15. The United States realleges and incorporates herein the allegations in paragraphs 1 through 14 of this complaint.

16. Following the making of the assessments, and after notice and demand for payment of the same, federal tax liens in favor of the United States arose against all of the property and rights to property of the defendant Richard Standring in the amount equal to the unpaid assessments plus interest and other accruals permitted by law.

17. Notices of Federal Tax Liens with respect to Richard Standring were filed with the Clermont County Recorder's office in Clermont County, Ohio, on August 28, 1996 and May 16, 1997.

## COUNT III
### (Foreclosure of Federal Tax Liens)

18. The United States realleges and incorporates herein the allegations in paragraphs 1 through 17 of this complaint.

19. The United States is entitled to have its liens foreclosed upon the Marathon Property and to have said property sold at a judicial sale free and clear of the liens, claims or

1663490.1

interests of the parties to this action, and to have the proceeds distributed to the United States in satisfaction of its liens, in accordance with the priorities of the claims of the parties that are established before this Court.

WHEREFORE, the United States of America prays as follows:

1. That this Court enter judgment in its favor and against defendant Richard Standring in the sum of $60,682, as of January 15, 2005, plus statutory accruals as allowed by law from the foregoing date.

2. That this Court enter judgment that the United States has valid and existing liens on the property and rights to property of Richard and Mary Standring.

3. That this Court enter judgment that the liens of the United States attached to the Marathon Property be foreclosed and such property be sold by a proper officer of the Court, free and clear of any right, title, claim or interest of the defendants herein, and that the sale proceeds be distributed according to law.

1663490.1

4.  That this Court grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.

GREGORY G. LOCKHART
United States Attorney

NICHOLAS J. PANTEL (0021329)
Assistant U.S. Attorney

STEVE A. SHERMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6404
Stephen.A.Sherman@usdoj.gov

1663490.1