IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION
CIVIL NO. 1:06CV261

| UNITED STATES OF AMERICA | PLAINTIFF |
|---|---|
| VS. | |
| Richard W. Standring, Et al. | DEFENDANT |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
And MOTION FOR MORE DEFINITE STATEMENT**

Comes now the defendant, Richard W. Standring, *in propria persona*, and not *pro se*, visiting specially not generally and hereby submits the following as to the Plaintiff's Complaint:

Defendant states that the Plaintiff's Complaint is vague and that defendant is unable to provide a substantial Answer at this time.

**THEREFORE**, defendant prays for the following relief:

Defendant moves this Honorable Court for a Dismissal of the Plaintiff's Complaint (F.R.Civ.Pro.12(b)(6)) for failure to state a claim upon which relief can be granted, or in the event defendant's request for dismissal is denied, defendant moves this Court for an Order requiring the Plaintiff to give a more definite statement as to the allegations contained in the ENTIRE Complaint so that defendant may respond to said allegations appropriately. As grounds, defendant states that the Plaintiff has made allegations in its Complaint that are too vague for the defendant to admit or deny.

A motion for more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2); *Sisk v.*

1

*Texas Parks & Wildlife Dept.,* 644 F.2d 1056, 1059 (5th Cir. 1981). In the complaint, plaintiff alleged facts are so vague and ambiguous that defendant cannot file a responsive pleading.

Federal Rule of Civil Procedure 12(e) provides that: "If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

The complaint fails to adequately inform or notify the defendant what are encompassed by the terms "income tax returns" and "substitute for tax returns" notwithstanding the fact that the terms are a critical element of the operative allegations. Throughout the complaint, the Plaintiff refers to, but does not specify, define or clarify, the intended meaning or usage of these critical terms. The failure to provide adequate notice with respect to the substance of the allegations in the complaint renders the defendant incapable of framing appropriate and full responses and pleading adequate defenses.

The Plaintiff, throughout the complaint, alleges that a lien arose due to an assessment. However, the complaint fails to state as to what particular tax was due and owing for an assessment to arise. There are many so called "income tax[es]" and the complaint fails to state as to what particular tax they are referring. Nor does the complaint state when such assessment arose. The complaint states that a demand was made, yet the complaint fails to state when such demand was made. The complaint states that the defendant had a liability, yet the complaint fails to state with particularity as to how the defendant became liable. Tax liability is a condition precedent to the demand. Liability cannot arise until someone or something becomes liable.

Merely demanding payment, even repeatedly, does not cause liability. (See Bothke v. Fluor Engineers & Contractors,Inc., 713 F. 2d 1405 Ninth Circuit (1983)) For the condition precedent of liability to be met, there must be a lawful assessment, either voluntary, or one procedurally proper when executed by the IRS. Because this country's income tax system is based on voluntary assessment, rather than distraint [seizure by distress], the Service may assess a tax only in certain circumstances and in conformity with proper procedures.

Paragraph 13 states that paragraph 8 describes the assessments, yet paragraph 8 fails to describe or mention an assessment.

It appears that the complaint is based solely on a "Notice of Federal Tax Lien" that was filed in the public record of county recorder's office. An alleged "Notice of Federal Tax Lien" is not an assessment, or deficiency nor can it be. However, this alleged "Notice of Federal Tax Lien" filed in the public record contains information that is not subject to disclosure under 26 U.S.C. 6103. 26 U.S.C. 6103(a) of the Internal Revenue Code provides that tax returns and return information "shall be confidential." 26 U.S.C. 6103 thus prohibits generally the release of "tax return information." "Return information" is defined in 26 U.S.C. 6103 of the Code to include virtually all information collected or gathered by the IRS with respect to a taxpayer's tax liabilities, or any investigation concerning such liability. It prohibits any disclosure of either tax returns themselves or return information, except as specifically authorized by 26 U.S.C. 6103(b)(2). Clearly, it appears that the "Notice of Federal Tax Lien" being relied on by the plaintiff is the very information that has been placed in the public record by the IRS in violation of 26 U.S.C. 6103. Additionally, for an assessment to arise a deficiency must exist. The plaintiff's complaint fails to allege the existence of a deficiency, much less a properly executed

3

deficiency or return to which an assessment could arise. Defendant states again that the Plaintiff allegations in its Complaint are too vague for the defendant to admit or deny.

The complaint states in part "....brought at the direction of the Attorney General of the United States pursuant to Sections 7401 and 7403 of the Internal Revenue Code....." Since the defendant does not even know the Attorney General let alone has never met the person, this type of statement implies that the complaint is based upon "information and belief."

Plaintiff is attempting to evade the requirements of Federal Rule of Civil Procedure 11 (signature on pleading is certification that "to the best of person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading "is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that "the allegations and other factual contentions have evidentiary support.")

In 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1224, the authors note the relationship between F.R.Civ.Pro. 8 and F.R.Civ.Pro. 11 and conclude that pleading on "information and belief" is sometimes a practical necessity when the pleader "is without direct personal knowledge regarding one or more of the allegations necessary to his claim and therefore must plead on a less certain footing."

> "However, pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption. Thus, matters of public record or matters generally known in the community should not be alleged on information and belief as everyone is held to be conversant with them. Conversely, since Rule 11 requires that allegations be based on 'reasonable inquiry,' care must be exercised in terms of the pleader having a solid basis for pleading on information and belief."

4

Requiring plaintiffs to provide a more definite statement will further the policies behind Rule 11 and conduce to a rapid resolution of this litigation. If the plaintiff seriously wants to pursue this action, it should state their allegations forthrightly and not hide behind "information and belief."

Additionally, the complaint prays: "That this court enter judgment that the United States has valid and existing liens on the property and rights to property of Richard and Mary[ann] Standring." Clearly, the complaint lacks any mention of any lien against Maryann Standring.

**IN CONCLUSION,** defendant states the complaint is so vaguely and ambiguously stated that a proper responsive pleading cannot be framed.

Therefore, the defendant moves the court to dismiss this case pursuant to F.R.Civ.Pro. 12(b)(6) or in the alternative order the plaintiff respond with a more definite statement.

Respectfully Submitted,

Richard W. Standring
P.O. Box 463
Owensville, OH 45160

5

## CERTIFICATE OF SERVICE

I, Richard W. Standring, hereby certify that I have this 18th day of September, 2006, forwarded a true and correct copy of the foregoing via regular U.S. mail to the following:

Steve A. Sherman
U.S. Dept. of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

*Richard W. Standring*
Richard W. Standring