IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION
CIVIL NO. 1:06CV261

UNITED STATES OF AMERICA                    PLAINTIFF

VS.

Richard W. Standring, Et al.                DEFENDANT

### RICHARD STRANDRING'S OBJECTION TO
### THE MAGISTRATE'S REPORT AND RECOMMENDATION

Comes now the defendant, Richard Standring, *in propria persona*, and not *pro se*, visiting specially not generally and hereby objects the the Magistrate's Report and Recommendation.

The Magistrate's R&R fails to address the concerns addressed in Richard Strandring's motion to dismiss or in the alternative order the plaintiff respond with a more definite statement.

The magistrate's R&R states:

"The government's claims in this case are typical tax and foreclosure claims authorized by the Internal Revenue Code. In addition, the complaint sufficiently puts the defendants on notice by setting forth short and plain statements about the government's tax claims and the grounds for its claims."

Richard Standring made it clear that the complaint failed to state what particular tax the Plaintiff was referring to. The Magistrate stated that: "The government's claims in this case are typical tax and foreclosure claims authorized by the Internal Revenue Code." The key term is "typical tax." This is of no help to Richard Standring, in that, there are at least 30 "income tax[es]" imposed under subtitle A. To state that Richard Standring was fully informed in a short and plain statement is without merit. A motion for more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). Is the

"typical tax" the Magistrate refers, an "Environmental tax" under 26 U.S.C. 59A, or a "Tax on nonresident alien individuals" under 26 U.S.C. 871? If the Magistrate knows what the "typical tax" is, than why did not the Magistrate just state the "typical tax" he was referring to in his R&R? It appears the Magistrate is not sure which "typical tax" it is either, Richard Standring is surely at a loss to understand.

> The Magistrate further states in his R&R:
>
> Motions for a more definite statement "generally are disfavored because of their dilatory effect." *In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2D 836, 844 (S.D.N.Y. 2001). A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001).

Richard Standring is at a loss to understand this statement. District court cases apply to those litigants and no others. Was the Magistrate unable to locate a Sixth Circuit case that supports such contention? It would seem that if such were the case, Rule 12(e) would be eliminated. Not being able to point out which of the 30 or so taxes under Subtitle A as the "typical tax" clearly appears to be "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." "Who's on first, What's on second and I Don't Know is on third." We think we know it's baseball (Subtitle A), but we are not sure of anything else. Clearly, the complaint fails to inform Richard Standring of anything and the Plaintiff should be required to make a clear statement.

> Further, the Magistrate addresses 26 U.S.C 6103 by stating:
>
> "The Internal Revenue Service is permitted, however, by statute and regulation, to disclose tax return information to the extent necessary to locate assets in which a taxpayer has an interest, to effect a lien or levy, or to seize or sell assets to collect taxes due. *See Rowley*, 76 F.3d at 799 (citing 26 U.S.C. §§ 6321 & 6331; Treas. Reg. § 301.6103(k)(6)-1(b)(6) (permitting disclosure of tax return

information necessary to establish liens against a taxpayer's assets, or to levy on, seize, or sell assets to satisfy any outstanding liability)). Moreover, "the republication of tax return information that has been made a matter of public record in accordance with the provisions of the Internal Revenue Code authorizing the filing of a federal tax lien notice is not subject to Section 6103's confidentiality provisions.""

It is clear that the court chose not to look beyond the clear meaning of 26 U.S.C. 6103 and 26 U.S.C. 6323. Neither 26 U.S.C. 6103 nor 26 U.S.C. 6323 authorize the disclosure of a Social Security Number, nor does the regulation. And any case law that states otherwise is contrary to the plain meaning of the statutes. Even this court's Local Rule 26.2 does not allow the disclosure of such information. A "Notice of Federal Tax Lien" is just that, a Notice, it is not a means by which to collect information. The Magistrates understanding is without merit.

THEREFORE, Richard Strandring moves this Honorable Court to reject the Magistrate's R&R, in that, the Plaintiff's claim (F.R.Civ.Pro.12(b)(6)) failed to state a claim upon which relief can be granted or in the alternative order the plaintiff respond with a more definite statement.

Respectfully Submitted,

Richard Standring
P.O. Box 463
Owensville, OH 45160

3

## CERTIFICATE OF SERVICE

I, Richard Standring, hereby certify that I have this 30th day of May, 2007, forwarded a true and correct copy of the foregoing via regular U.S. mail to the following:

Steve A. Sherman
U.S. Dept. of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Richard Standring