UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:06-cv-261 |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| RICHARD W. STANDRING, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT MARYANN STANDRING'S MOTIONS FOR LEAVE TO FILE AN ANSWER OUT OF TIME (Docs. 38, 39) BE CONSTRUED AS MOTIONS TO SET ASIDE THE ENTRY OF DEFAULT AGAINST HER AND DENIED; AND (2) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 35) BE GRANTED**

This matter is currently before the Court on Plaintiff's motion under Fed. R. Civ. P. 55(b) for default judgment against Defendants Richard W. Standring and MaryAnn Standring (Doc. 35), to which only MaryAnn Standring has responded, *pro se* (Docs. 38-40).

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff United States of America ("the government") brought this action to reduce to judgments the individual income tax liabilities of Richard W. Standring, foreclose upon the government's tax liens, and sell certain property of Mr. Standring.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(Doc. 1; *see also* Doc. 29.)  Mary Ann Standring, Mr. Standring's spouse, was named a defendant because allegedly she has a one-half interest in property against which the government seeks to foreclose.

Following service of the summons and complaint, the Standrings separately filed *pro se* motions to dismiss or, in the alternative, for a more definite statement.  (Docs. 6, 7.)  The motions were denied by Order entered on July 16, 2007.  (Doc. 29.)  Although the Federal Rules of Civil Procedure provide that if the court denies such motions, a responsive pleading shall be served within ten days after notice of the court's action, *see* Fed. R. Civ. P. 12(a)(4)(A), the Standrings failed to file any responsive pleadings.

On October 18, 2007, the Clerk of Court entered default against Richard W. Standring and MaryAnn Standring pursuant to Fed. R. Civ. P. 55(a).  (Doc. 32.)

On November 14, 2007, the government filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) as against both Standring defendants.  (Doc. 35.)

Mr. Standring did not respond to the motion for default judgment.

Ms. Standring, however, filed two motions for an extension of time in which to answer the complaint (Docs. 38, 39)[2] and a memorandum in opposition to the entry of default and motion for default judgment (Doc. 40).

The government opposes the requests for an extension of time and the

---

[2] Although both documents are captioned "Motion to Wave [sic] Time and Allow MaryAnn Standring the Opportunity to Formally Answer the Complaint," the content of documents differ.  (*See* Docs. 38, 39.)  The later filed motion may be construed alternatively as Ms. Standring's proposed "Answer."  (*See* Doc. 39.)

memorandum in opposition to the entry of default and default judgment on the ground that Ms. Standring has not shown good cause for her failure to timely answer. *See Simmons v. Ohio Civil Service Emp. Ass'n*, 259 F. Supp. 2d 677, 685 (S.D. Ohio 2003).

## II. DISCUSSION

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55.

The sequence of procedural steps begins with the entry of a default under Fed. R. Civ. P. 55(a) against a party who has failed to plead "or otherwise defend." *See United Coin Meter Co.*, 705 F.2d at 844. "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *Id.*; Fed. R. Civ. P. 55(b), (c).

### A.

Before ruling on the motion for default judgment, the Court should consider whether the entry of default against Ms. Standring should be set aside. *See United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default").

Rule 55 also provides that the court may set aside an entry of default "for good

cause shown." Fed. R. Civ. P. 55(c). In making a good cause determination, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct on the part of the defendant led to the default." *Simmons*, 259 F. Supp. 2d at 685; *see also United Coin Meter Co.*, 705 F.2d at 845. "[U]nless the party seeking relief can demonstrate that his or her conduct resulted from inadvertence, surprise, or excusable neglect without culpability, the court need not consider the evidence, if any, showing a lack of prejudice to the non-moving party or the presence of a meritorious defense." *Simmons*, 259 F. Supp. 2d at 685.

Ms. Standring asserts that the entry of default against her should be set aside – and her motions for leave to file an answer out of time should be granted – because she is not represented by counsel, she is not trained in law, and she was unaware of the procedural rule which required a further response, Fed. R. Civ. P. 12(a)(4)(A). She also maintains that she previously answered the complaint, referring perhaps to her prior motion to dismiss. In further support of her request to set aside the entry of default against her, she asserts that the government has not shown that it has any liens against her, that she is an innocent spouse, and that she should not be required to forfeit her dower interest in the property against which the government seeks to foreclose.

On review of the documents in the record which were prepared and filed by Ms. Standring, her assertion that she lacks the ability to understand rules of procedure is not well-taken. Moreover, an asserted lack of sophistication by a party who is not

represented by counsel is not alone sufficient grounds to set aside an entry of default. *See, e.g, Peeke v. Citizens Banking Co.*, 81 F.2d 112, 115 (6th Cir. 1935) (noting that "[i]t is the duty of litigants to see that proper steps are taken for the protection of their rights, and it is no ground for relief that the case is taken up and decided in the absence of counsel").

Ms. Standring has not asserted that the default was the result of inadvertence or surprise and she has not established that her failure to file a timely answer was the result of "excusable neglect without culpability." *See Simmons*, 259 F. Supp. 2d at 685. For this reason alone her motions for an extension of time, construed as motions to set aside the entry of default, should be denied.

Even if the Court were to find that the default was not the result of culpable conduct, the motions should be denied because Ms. Standring has not established the presence of a meritorious defense. *See id.*

To determine whether the defendant has a meritorious defense, the court must consider whether the defendant has advanced "a defense good at law," and not necessarily one that will likely succeed. *United Coin Meter Co.*, 705 F.2d at 845. That is, the court must determine whether there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir.), *cert. denied*, 501 U.S. 1233 (1991).

Ms. Standring asserts that she is entitled to relief because she is an "innocent spouse" and because she has a dower interest in the property. Her assertions do not

5

provide "a defense good at law."

The Tax Code provides a waiver of liability for an innocent spouse where the spouse proves that she did not know, and had no reason to know, that there was an understatement of income in a joint return. *See* 26 U.S.C. § 6013(e) ("old" section); 26 U.S.C. § 6015(b)(1)(D) ("new"section). The availability of relief under the "innocent spouse" provisions is conditioned upon the filing of a joint income tax return. *United States v. Langert*, 902 F. Supp. 999, 1003 (D. Minn. 1995); *see also Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 570 (D.S.C. 2002), *aff'd*, 67 Fed. Appx. 795 (4th Cir. 2003). There is no evidence that either Ms. Standring or her husband filed a joint income tax return for the years in question, 1992 and 1993.

The Tax Code provides relief for an innocent spouse who does not file a tax return under I.R.C. § 66(c). *See* 26 U.S.C. § 66(c). This section is unavailable in the present case because it applies only to the treatment of community income as defined by the community property laws of the state. *See id.* There is no "community property" in Ohio, *State v. Garber*, 125 Ohio App. 3d 615, 617, 709 N.E.2d 218, 219 (Ohio Ct. App. 1998), and there is no evidence that the Standrings' liability was the result of community property income.

Ms. Standring's asserted dower right also fails to provide a meritorious defense. Under Ohio law, a dower right is an inchoate right, which becomes choate only upon the death of the spouse. *See Myers v. Village of Alger*, 102 Fed. Appx. 931, 933 (6th Cir. 2004) (citing *Goodman v. Gerstle*, 158 Ohio St. 353, 358-59, 109 N.E.2d 489, 492 (Ohio

6

1952)). It is also well established that a state created property interest cannot obstruct a foreclosure of federal tax liens because the foreclosure is governed by federal law. *See United States v. Rodgers*, 461 U.S. 677, 683 (1983); *see also United States v. Forrester*, No. 198839, 2001 WL 429811, at *5 (S.D. Ohio Mar. 16, 2001) (report & recommendation).

In sum, Ms. Standring has not shown good cause to set aside the entry of default against her. Her motions for an extension of time in which to answer the complaint should be construed as motions to set aside the entry of default and denied.

### B.

The motion for default judgment is well-taken and should be granted.

First, through Mr. Standring's failure to respond to Plaintiff's motions for entry of default and for default judgment, as well as his failure to file a timely answer to the complaint, he has made it clear that he has no intention of further defending this action. Thus, default judgment is appropriate and should be entered against him.

Second, because Mary Ann Standring failed to establish good cause for setting aside the entry of default against her, default judgment is appropriate and should be entered against her.

Third, the government's motion makes clear that its claim against defendants is for a sum certain, based upon the unpaid income tax assessments for the years 1992 and 1993, in the amount of $73,184.31, as of November 8, 2007. (*See* Doc. 35, p. 2 & atts.) Furthermore, the government has demonstrated that federal tax liens associated with those

assessments have attached to real property located at 5610 Marathon-Edenton Road, Williamsburg, Ohio. (*Id.*) The government has filed an affidavit setting forth the amount due as required by Rule 55(b)(1), and has demonstrated that neither defendant is an infant or incompetent person. (*See id.*) Thus, the Clerk should be ordered to enter judgment for Plaintiff, United States of America.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant MaryAnn Standring's motions for an extension of time in which to answer the complaint (Docs. 38, 39) should be **CONSTRUED** as motions to set aside the entry of default against her and **DENIED**;
2. The motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1) (Doc. 35) should be **GRANTED**.
3. Plaintiff United States of America should be awarded judgment in the amount of $73,184.31, plus interest and statutory additions from that date until paid, and foreclosure of the federal tax liens attached to the real property located at 5610 Marathon-Edenton Road, Williamsburg, Ohio.

Date:  2/26/08                               s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:06-cv-261 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| RICHARD W. STANDRING, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).