UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,
    Plaintiff,

v.                      Case No.   1:06-CV-261

Richard W. Standring, *et al.*,
    Defendants.

**ORDER**

      This matter is before the Court on the Magistrate Judge's Report and Recommendation filed February 26, 2008 (Doc. No. 43).  In his Report and Recommendation, Magistrate Judge Black recommended that Defendant Mary Ann Standring's motions for an extension of time to answer the complaint be construed as motions to set aside the entry of default against her (Doc. Nos. 38 & 39) and that those motions be denied; that Plaintiff's motion for default judgment (Doc. No. 35) against Defendant Richard Standring be granted; and that the United States be awarded damages of $73,184.31 as of November 8, 2007, plus interest and statutory additions from that date until paid, plus foreclosure of the federal tax liens attached to the real property located at 5610 Marathon-Edenton Road, Williamsburg, Ohio.

      Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).   As of the date of this Order, no objections to the Magistrate Judge's Report and Recommendation have been filed.

      Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation to be correct.

      Accordingly,  it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED.**

      Defendant Mary Ann Standring's motions for an extension of time in which to answer the complaint (Doc. Nos. 38 & 39) are not well-taken and are **DENIED**;

      Plaintiff's motion for default judgment (Doc. No. 35) is well-taken and is **GRANTED**;

      **JUDGMENT IS HEREBY ENTERED** in favor of the plaintiff, the United States of America, and against defendant Richard W. Standring, for unpaid income tax assessments for the 1992 and 1993 tax years, in the amount of $73,184.31, as of November 8, 2007, plus interest from the foregoing date until paid, and foreclosing the federal tax liens associated with those

unpaid federal income tax assessments that have attached to the real property located at 5610 Marathon-Edenton Road, Williamsburg, Ohio (the "Marathon Property"), which is more particularly described as:

> Situate in the State of Ohio, County of Clermont and Township of Jackson, part of Johnson's Survey No. 1209 and being Tract four on page three of the Surveyor's Plat of said Township, more particularly described as follows:
>
> Beginning in the center of the Marathon and Lerado Road at the point of intersection of said road and the south line of said survey; thence N 28 3/4° E. 38.72 poles, with the center of said road; thence S 89° 6' E. 32.8 poles; thence S 2° W 36.88 poles to said survey line; thence N 88° W 50.88 poles, with said survey line, to the place of beginning, containing 9.81 acres, be the same more or less.
>
> Subject to easements and restrictions of record.
>
> Being the same premises described in Certificate of Transfer of Real Estate issued by the Probate Court of Clermont County, Ohio, as recorded in Deed Book 622, page 732, Land Records, Clermont County, Ohio.

but excepting the parcel identified as Clermont County parcel number 14-23-03J-004, which the Standrings transferred to Floyd M. Lay, Jr. and Diana L. Lay by warranty deed in 994, and which is more particularly described as:

> Being situated in Johnson's Military survey No. 1209, in the Township of Jackson, in the County of Clermont, in the State of Ohio and bounded and described as follows:
>
> Beginning at a reference point at a railroad spike set at the intersection of the centerlines of Marathon-Edenton Road No. C-82 and Fomorin Road No. C-47; thence in a northeasterly direction with said Marathon-Edenton Road a distance of 1155.57 feet to a 1/4" spike set in the centerline of said Marathon-Edenton Road and a corner to a 108.00 acres of Thomas J. and Maxie L. Wolfer as recorded in volume 482, page 281 and at the southwest corner of the original 9.81 acres; thence with said centerline, N 37 deg 15 min 33 sec E a distance of 424.43 feet to a 1/4" spike set in the centerline of said Marathon-Edenton Road and being the real point of beginning; thence with said centerline for the next three calls, N 37 deg 15 min 33 sec E a distance of 57.00 feet to a 1/4" spike set in the centerline of a bridge over a small creek; thence N 36 deg 21 min 48 sec E a distance of 77.18 feet to a 1/4" spike set; thence N 31 deg 00 min 00 sec E a distance of 85.85 feet
> to a 1/4" spike set in the centerline of said Marathon-Edenton Road and a corner

        to a446.37 acres of Jean Anspach as recorded in Volume 567, page 666 and at the northwest corner of the original 9.81 acres; thence with said Anspach's line, S 81 deg 11 min 10 sec E, passing a 5/8" iron pin set in the line of said Anspach and a corner to a 108.00 acres of the aforementioned Thomas J. And Maxie L. Wolfer; thence with said Wolfers' line, S 9 deg 45 min 50 sec W a distance of 234.34 feet to a 5/8" iron pin set in said Wolfers' line;thence with a division line through the original 9.81 acres, N 78 deg 01 min 20 sec W, passing a 5/8" iron pin set at 635.04 feet, a distance of 657.16 feet to the beginning, containing 3.036 acres more or less, being a part of the original 9.81 acres of the premises transferred to Richard W. Standring and Mary Ann Standring as recorded in Volume 626, page 74 and subject to all legal highways, easements and restrictions. Bearings are

        magnetic and based upon the N 31 deg 00 min 00 sec E line along the centerline of Marathon-Edenton Road.

The property described above shall be sold by an officer of this Court, free and clear of any rights, titles, claims or interests of any of the parties to this action. The proceeds of the sale shall be distributed first to pay the costs of the sale, second to the local tax authorities for any unpaid real estate taxes, third to the United States for application to the unpaid income tax assessments against Richard W. Standring for the 1992 and 1993 tax years, including penalties, interest, and statutory additions, fourth to the State of Ohio, Department of Taxation, for application to the liabilities that underlie the liens asserted in the Answer filed by the State of Ohio in this action, and any remaining sale proceeds shall be distributed to Richard W. Standring and Mary Ann Standring.

The United States may submit a subsequent proposed order setting forth the procedures for the sale of the Marathon Property.

Date: <u>March 20, 2008</u>                      <u>  s/Sandra S. Beckwith  </u>
                                                                               Sandra S. Beckwith, Chief Judge
                                                                                 United States District Court